**FLEMING v. REINECKE, Collector of Internal Revenue.**

**No. 36187.**

District Court, N. D. Illinois, E. D.
June 18, 1930.

As Modified Aug. 1, 1930.

Edward J. Lewis, of Chicago, Ill., for plaintiff.

George E. Q. Johnson, U. S. Dist. Atty., of Chicago, Ill., for defendant.

LINDLEY, District Judge.

Upon review of the evidence I am of the opinion that the Traffic Club of Chicago is a social club or organization within the mean-ing of the Revenue Act 1921, c. 136, § 801, 42 Stat. 291, and Revenue Act 1924, c. 234, § 501, 43 Stat. 321 (26 USCA § 872); that its social features were not subordinate and merely incidental to the active furtherance of a different and predominant purpose, but were a material purpose of the organization.

It will serve no good purpose to review all of the evidence, but it is sufficient to know that the club maintained club rooms in the Hotel LaSalle, including a main dining room, a lounge, three committee rooms, a ladies' room and washroom; that in the lounge there were sofas and arm chairs, library table, piano, victrola, radio, and bookcases containing books. Shower baths were supplied, and opportunities afforded for the playing of checkers and cards; luncheon was served regularly every day, and dinner in the evening. Ladies were given club privileges, except between the hours of 11:00 a. m. and 5:00 p. m. During the greater portion of the taxable period members played cards in the afternoon, having a special room set aside for this purpose. Some thirty-five social affairs were promoted during the taxable period, including golf outings, dances, an outing to Grand Beach, Mich., Christmas dinner, Thanksgiving luncheon, dinner dances, and other similar entertainments. Apparently many of the so-called open forum and business meetings were not devoted to any business of altruistic purposes, but were chiefly social entertainments. A baseball team was outfitted and represented the club during the baseball season. Recommendations were made that the board of governors present a $100 cup for the champion golf player. Whether this recommendation was adopted or not does not appear from the minutes. Permission was given to the indoor entertainment committee to conduct card games. The sports and pastimes committee was in charge of outings. The club considered at one time the formation of a glee club. The club considered at one time an outing at Grand Beach, Mich., to cover a period of three days. Whether or not the event occurred is doubtful. Baseball games were designed, if not played, between the Traffic Club of Chicago and the teams of various other clubs. Parties were planned for the season, for instance, a harvest party in October, a card party in November, and a stag party in December of one year. Various other features, all leading to the conclusion that social activities were a material part of the club's purpose, appear in the record. The facts are convincing to the effect that a material part of the club's purpose was, as

stated in its articles of incorporation, "to cultivate friendly and social relations and to promote better personal acquaintance among its members." The amendment to the articles of incorporation made after the assessment of certain of the taxes is not sufficient to overcome the effect of the facts bearing upon the issue.

Accordingly there will be a judgment dismissing the plaintiff's suit and in bar of his action and for costs.